[Cite as *State v. Ulinski*, 2016-Ohio-8386.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Todd Ulinski

Appellant

Court of Appeals Nos. L-16-1074
L-16-1075

Trial Court Nos. CR0201601251
CR0201501144

**DECISION AND JUDGMENT**

Decided:  December 23, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Anita Mathew
and Brenda J. Majdalani, Assistant Prosecuting Attorneys, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Todd Ulinski, appeals the April 5, 2016 judgments of

the Lucas County Court of Common Pleas which, following appellant's guilty pleas to

nonsupport of dependents, assault, obstructing official business, and resisting arrest

sentenced him, respectively, to 11 months in prison followed by four years of community control. For the reasons set forth herein, we affirm.

{¶ 2} On January 26, 2015, appellant was indicted on four counts of nonsupport of two dependents, case No. CR0201501144, two fourth-degree and two fifth-degree felonies. The charges covered the dates from January 26, 2013 through January 26, 2015, and the arrearages were payable to one victim. On March 9, 2016, appellant entered a guilty plea to one count of nonsupport of dependents, Count 2, a fifth-degree felony. Counts 1, 3, and 4 were to be dismissed.

{¶ 3} On February 10, 2016, appellant was indicted on one count of assault, a fourth-degree felony, obstructing official business and resisting arrest, second-degree misdemeanors, and illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor, case No. CR0201601251. The charges stemmed from an incident on February 2, 2016, when following a 9-1-1 call that someone was using drugs in the restroom of a gas station, appellant was confronted by a police officer while he was sitting on an all-terrain vehicle (ATV). After refusing to comply with the officer's commands, appellant attempted to leave the lot and dragged the officer a short distance causing scrapes and bruising. Appellant then resisted being handcuffed and a hypodermic needle was found. On April 4, 2016, appellant entered a no contest plea to the lesser included offense of assault, Count 1, a first-degree misdemeanor, and guilty pleas to obstructing official business, Count 2, and Count 3, resisting arrest, both second-degree misdemeanors. Count 4 was to be dismissed.

2.

**{¶ 4}** On April 4, 2016, a joint sentencing hearing was held. At that time, appellant's counsel argued that the misdemeanor counts, assault, obstructing official business and resisting arrest were allied offenses and required merger. The court rejected the argument and after chronicling appellant's lengthy criminal history, as to the nonsupport charge the court sentenced appellant to 11 months of imprisonment and ordered him to pay $68,378.84 in unpaid child support. As to the assault count, the court sentenced appellant to 180-days of imprisonment. As to obstructing official business and resisting arrest, the court imposed 90-day sentences and ordered the sentences run concurrently to one another but consecutive to the assault charge. Appellant was also ordered to participate in work release and drug and alcohol monitoring. The sentences were stayed and appellant was placed on community control for four years commencing once appellant had served his 11 months on the nonsupport conviction. Appellant then objected arguing that the felony and misdemeanor sentences were required to be served concurrently. The court rejected the argument finding that the offenses were separate and that community control could not commence prior to appellant's release from incarceration.

**{¶ 5}** The judgment entries were journalized on April 5, 2016, and this consolidated appeal followed with appellant raising three assignments of error for our review:

      I. The trial court committed reversible error when it found the misdemeanor assault and obstructing official business convictions to be

3.

separate offenses which did not merge for the purposes of sentencing pursuant to O.R.C. § 2941.25(A).

II. The trial court committed reversible error when it did not order all sentences for the misdemeanors to be run concurrently, pursuant to O.R.C. § 2929.41(A).

III. The court should find that the trial court effectively merged the two underlying cases into one case for purposes of sentencing, and then committed reversible error when it sentenced defendant to a period of community control, to begin only following his release from the state penitentiary, in violation of O.R.C. § 2929.41(A) and (B), which requires misdemeanor sentences to run concurrent with felony sentences, absent limited exceptions.

{¶ 6} In appellant's first assignment of error he argues that the court erred by failing to merge the assault and obstructing official business sentences. Appellant was convicted of misdemeanor assault, R.C. 2903.13, which provides:

(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

* * *

(C)

(1) Whoever violates this section is guilty of assault, and the court shall sentence the offender as provided in this division and divisions (C)(1),

(2), (3), (4), (5), (6), (7), (8), (9), and (10) of this section. Except as otherwise provided in division (C)(2), (3), (4), (5), (6), (7), (8), or (9) of this section, assault is a misdemeanor of the first degree.

{¶ 7} Obstructing official business, R.C. 2921.31, provides:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 8} Appellant contends that because he harmed the police officer while attempting to leave the scene the acts were committed with the same conduct and with a single state of mind. Concerning allied offenses of similar import, R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus

as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In determining whether an offense is allied under R.C. 2941.25:

[C]ourts must ask three questions when a defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

{¶ 10} In the present matter, at appellant's plea hearing the state, upon questioning by the court, set forth the details of the February 2, 2016 incident. It was explained that the obstructing official business charge occurred when appellant refused to answer questions posed by the officer and he attempted to leave the scene. The assault charge stemmed from appellant's act of driving off while the officer was attempting to remove him from the ATV and causing injury to the officer.

{¶ 11} As noted by the state, several courts have concluded that assault and obstructing official business convictions will not merge for sentencing when committed by separate conduct. *See State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 68 (defendant's acts of jerking and pulling away were separate from kicking the arresting officer); *see also State v. Hendricks*, 8th Dist. Cuyahoga No.

6.

101864, 2015-Ohio-2268; *State v. Hight*, 5th Dist. Licking No. 2011CA0056, 2011-Ohio-5013.

{¶ 12} Based on the foregoing, we conclude that the assault on the police officer was committed with an animus and conduct separate from obstructing official business. Appellant's first assignment of error is not well-taken.

{¶ 13} Appellant's second assignment of error contends that the trial court erred when it failed to order the misdemeanor sentences to be served concurrently. Specifically, appellant argues that the court was required to do so under R.C. 2929.41, which provides:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B)

(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of

7.

imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

(2) If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.

(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

8.

When consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more misdemeanors and one or more felonies under this division, the term to be served is the aggregate of the consecutive terms imposed, and the offender shall serve all terms imposed for a felony before serving any term imposed for a misdemeanor.

{¶ 14} Appellant's argument is that the trial court erroneously sentenced him to 90-day sentences, concurrent to each other but consecutive to the 180-day assault sentence. Appellant's misdemeanor sentences did not all run concurrently to each other; however, the sentences were stayed and appellant was placed on community control. Courts have held that R.C. 2941.41(A) is implicated only where consecutive imprisonment sentences are imposed, i.e., appellant is ordered to serve actual incarceration. *See State v. Rarden*, 12th Dist. Butler No. CA2002-04-080, 2003-Ohio-3067, ¶ 6-10, citing *State v. Myers*, 9th Dist. Wayne No. 95CA0074, 1996 Ohio App. LEXIS 2269 (May 29, 1996); *State v. Keys*, 10th Dist. Franklin No. 99AP-1116, 2000 Ohio App. LEXIS 4495 (Sept. 29, 2000).

{¶ 15} We further note that appellant's reliance on the Supreme Court of Ohio's recent decision in *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, is misplaced. In *Polus*, the defendant was sentenced for a felony and a misdemeanor. The court sentenced him to consecutive prison sentences. *Id.* at ¶ 1. Affirming this court's reversal on appeal but finding no ambiguity in the statute, the Supreme Court held that R.C. 2929.41(B)(1), prohibits the imposition of consecutive sentences for felony and

9.

misdemeanor convictions. *Id.* at ¶ 2. *Polus* specifically dealt with the imposition of two consecutive jail sentences.

{¶ 16} In the present case, because the misdemeanor sentences were stayed and community control was imposed, the trial court did not impose consecutive jail sentences. Regardless, the *Polus* holding is limited to the imposition of consecutive sentences for a felony and misdemeanor. Appellant's second assignment of error is not well-taken.

{¶ 17} In appellant's third assignment of error he contends that because appellant was sentenced on the same date in two separate cases, the cases were essentially "merged" and appellant should not have been ordered to serve the four-year community control term after his release from prison on the nonsupport of dependents conviction. In other words, he again argues that the proscription in R.C. 2929.41(A) and *Polus*, applies. In response, the state contends that appellant's sentences in completely separate cases were imposed on the same day solely in the interests of judicial economy.

{¶ 18} On review, we reject appellant's argument. R.C. 2929.41(A) and *Polus* are distinguishable in that they prohibit the imposition of consecutive prison sentences for felony and misdemeanor convictions. As set forth above, the prison sentences in the misdemeanor cases were stayed and appellant was placed on community control. It is difficult to conceive how appellant would be supervised on community control while serving a term of imprisonment. Further, the cases in which appellant was sentenced were completely unrelated. Accordingly, appellant's third assignment of error is not well-taken.

10.

**{¶ 19}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgments of the Lucas County Court of Common Pleas are affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

JUDGE

Thomas J. Osowik, J. _____

James D. Jensen, P.J. JUDGE
CONCUR.

_____
JUDGE