[Cite as *State v. Broyles*, 2025-Ohio-9.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30177 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 01194 |
| | : | |
| BRUCE LEVERE BROYLES JR. | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 3, 2025

. . . . . . . . . . .

CHRISTOPHER BAZELEY, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Bruce Levere Broyles, Jr. appeals from his convictions for assault of a peace officer and obstruction of official business, arguing that the trial court erred in failing to merge his convictions for sentencing. Because Broyles initially

refused to be placed in handcuffs, punched the peace officer upon being advised that he was under arrest, and then proceeded to scuffle with two other officers and struggle even after he was handcuffed, we conclude that Broyles's conduct in punching the peace officer was separate from his conduct of thrashing and struggling with two other officers before and after being handcuffed. Thus, the trial court properly refused to merge his offenses for sentencing. We affirm the judgment of the trial court.

## I. Background Facts and Procedural History

{¶ 2} On April 20, 2023, Alonzo J. was hanging out with his friend Kyndrah G. at his apartment building when he and Kyndrah ran into Broyles. Broyles followed Alonzo and Kyndrah into the elevator and rode up with them to the eighth floor, where Kyndrah's apartment was located. Broyles exited the elevator and followed them to Kyndrah's apartment door, where they told Broyles that he was not invited in. Broyles tried to force his way into the apartment and swung his fist at Alonzo.

{¶ 3} Broyles managed to gain entry to the apartment with Alonzo and Kyndrah. Once inside, Broyles struck Alonzo again and attempted to hit Kyndrah. Alonzo then left the apartment, and Broyles followed him into the hallway, where they continued fighting.

{¶ 4} The police were contacted, and Officer Kyle Dickerson was initially dispatched to the scene on an assault complaint. Officers Joshua Gundaker and Kathryn Santos later arrived on the scene. An investigation followed, and Officer Dickerson determined that he had enough information to arrest Broyles.

{¶ 5} Officer Dickerson advised Broyles that he was under arrest and attempted to put Broyles's hands behind his back, but Broyles refused. A struggle ensued, and

Dickerson fell with Broyles and landed on top of him. Broyles continued to resist and struck Dickerson in his cheek and ear with a closed fist, causing swelling and an abrasion. Dickerson fought to get Broyles off of him, pushing Broyles toward the other officers. Broyles was then in a scuffle with Officer Santos and allegedly tried to strangle her. Dickerson struck Broyles to try to stop his aggression, but his strikes were ineffective. Officer Gundaker then jumped on Broyles's back, and the three officers were eventually able to restrain him despite his continued resistance. Broyles continued to resist even after handcuffs were applied until he was placed inside the police cruiser.

{¶ 6} On April 28, 2023, Broyles was indicted on one count of aggravated burglary (physical harm) in violation of R.C. 2911.11(A)(1); one count of abduction (restrain) in violation of R.C. 2905.02(A)(2); one count of assault (peace officer—Officer Dickerson) in violation of R.C. 2903.13(A); one count of strangulation (substantial risk of serious physical harm) in violation of R.C. 2903.18(B); one count of felonious assault (peace officer—Officer Santos) in violation of R.C. 2903.13(A); and one count of obstruction of official business in violation of R.C. 2921.31(A).

{¶ 7} Broyles pled not guilty to all the charges, and the matter proceeded to a jury trial. During the trial, Broyles moved for acquittal under Crim.R. 29, which the trial court granted only as to the abduction charge.

{¶ 8} During closing arguments, the State argued that Broyles had assaulted Officer Dickerson when, in resisting his arrest, he punched Dickerson on the side of his head, injuring his cheek and ear. The State further argued that Broyles obstructed official police business when he, without privilege, resisted arrest with the purpose of preventing,

obstructing, or delaying the performance of the officers (as public officials) in arresting him. The State asserted that Broyles's actions in punching Officer Dickerson, fighting with the other two officers, and continuing to resist arrest even after being placed in handcuffs impeded the officers' performance of their lawful duties and created a risk of physical harm. The State then argued that Broyles in fact had caused physical harm to Officers Dickerson and Santos during his efforts to avoid arrest.

{¶ 9} The jury found Broyles guilty of the assault on Officer Dickerson and on the obstruction charge, but it acquitted him on the other three charges. The trial court sentenced Broyles to a total prison term of 18 months.

{¶ 10} Broyles appeals.

## II. Assignment of Error

{¶ 11} Broyles asserts the following sole assignment of error:

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE BROYLES' CONVICTIONS FOR SENTENCING.

{¶ 12} Broyles was convicted of assault under R.C. 2903.13(A), which states: "No person shall knowingly cause or attempt to cause physical harm to another or another's unborn." He was also convicted of obstruction of official business under R.C. 2921.31(A), which states:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful

duties.

Obstructing official business is a misdemeanor of the second degree unless the offender's actions create a risk of physical harm to any person, in which case the violation becomes a felony of the fifth degree. R.C. 2921.31(B).

{¶ 13} Under Ohio law, R.C. 2941.25 governs allied offenses of similar import and provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} " '[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.' " *State v. Dean*, 2018-Ohio-1317, ¶ 60 (2d Dist.), citing *State v. Earley*, 2015-

Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. That is, "[a] defendant may be convicted and sentenced for multiple offenses when: '(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.' " *State v. Henry*, 2018-Ohio-1128, ¶ 75 (10th Dist.), quoting *Ruff* at ¶ 25.

{¶ 15} "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Dean* at ¶ 61, quoting *Ruff* at ¶ 23. For example, Ohio courts have found that "assault and obstructing official business convictions will not merge for sentencing when committed by separate conduct." *Henry* at ¶ 77, quoting *State v. Ulinski*, 2016-Ohio-8386, ¶ 11, and citing, *e.g.*, *State v. Standifer,* 2012-Ohio-3132, ¶ 68 (12th Dist.) (offenses of assault and obstructing official business were committed by separate conduct where defendant's act of kicking an officer was separate from defendant's conduct in screaming, jerking, and pulling away from the officer while in custody); *State v. Hendricks,* 2015-Ohio-2268, ¶ 23 (8th Dist.) (defendant's assault convictions stemming from a physical confrontation with deputies constituted separate conduct from his conviction for obstructing official business when he initially interrupted proceedings and failed to comply with a deputy's order).

{¶ 16} Broyles contends that the trial court erred when it failed to merge his offenses for assault and obstruction of official business. According to Broyles, the State stated during closing arguments that his conduct supporting the assault charge related to

his assault on Officer Dickerson but then identified the same assault as supporting the risk of physical harm element in the obstruction charge. He argues that both acts of assault and obstruction were conducted simultaneously with the same action and animus—namely his desire to avoid arrest—and, thus, the trial court erred when it failed to merge the two offenses for sentencing. We disagree.

{¶ 17} Contrary to Broyles's assertion, his offenses were not committed by a single act but rather were separate actions resulting in separate, identifiable harm. At the beginning of the encounter with Officer Dickerson, upon being advised that he was under arrest, Broyles completed an assault on Dickerson when he punched him on the side of his head with a closed fist, injuring Dickerson's cheek and ear. He then committed the offense of obstructing official business when he started thrashing and fighting against all three officers and kept struggling even after he was handcuffed and up until he was placed in the cruiser. Broyles caused harm to Officer Dickerson by punching him in the head and then committed separate harm to avoid being arrested when he scuffled separately with Officers Santos and Gundaker, two different individuals. For the foregoing reasons, we cannot say that Broyles's offenses were allied offenses subject to merger for sentencing.

{¶ 18} Broyles's sole assignment of error is overruled.

### III.    Conclusion

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and LEWIS, J., concur.