[Cite as *State v. Varney*, 2014-Ohio-193.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13 CA 00002 |
| FRANKLIN T. VARNEY, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  12 CR 0049


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      January 21, 2014


APPEARANCES:

For Plaintiff-Appellee

JOSEPH FLAUTT
PROSECUTING ATTORNEY
111 North High Street, P. O. Box 569
New Lexington, Ohio  43764

For Defendant-Appellant

STEVEN P. SCHNITTKE
SCHNITTKE & SMITH
114 South High Street, P. O. Box 536
New Lexington, Ohio  43764

*Wise, J.*

{¶1}   Defendant-Appellant Franklin T. Varney, Jr. appeals his March 29, 2013, sentence and conviction entered in the Perry County Court of Common Pleas following a jury trial on one count of Breaking and Entering and one count of Attempted Theft.

{¶2}   Appellee State of Ohio has not filed a brief in this matter.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3}   The facts as set forth by Appellee are as follows:

{¶4}   On January 17, 2012, at approximately 2:00 pm., Robert Ford observed a pickup truck near his barn at his residence located at 4728 Jackson Township Road, Junction City, Ohio.  (T. at 67-69). Mr. Ford drove down to his shed and observed two people with "stuff" in their pickup truck.  (T. at 70). The barn had been padlocked.  (T. at 70). Mr. Ford recognized Appellant Franklin T. Varney, Jr. as one of the individuals standing outside the barn. (T. at 71-73). Two roto-tillers and a cast iron pot belonging to Mr. Ford had been loaded into the back of the pickup truck. (T. at 73). After some discussion between Mr. Ford and Appellant, Appellant threw the *** on the ground. (T at 74-75). Mr. Ford then called the Perry County Sheriff's Office.

{¶5}   Deputy Brent Tysinger, now Chief of Police of Crooksville, Ohio, and Sergeant Keith Peck of the Perry County Sheriff's Office responded to the call. Photographs were taken of the scene, which were later introduced into evidence at trial.

{¶6}   Robert Ford identified Appellant Varney by a photo lineup. (T. at  58, 62, 112).

{¶7}   On June 15, 2012, Appellant was indicted by the Perry County Grand Jury on one count of Breaking and Entering, in violation of R.C. §2911.13, a fifth degree

felony, and one count of Attempted Theft, in violation of R.C. §2923.02, a second degree misdemeanor.

{¶8} On January 31, 2013, this matter proceeded to a jury trial. The State of Ohio presented the testimony of Chief Brent Tysinger of the Village of Crooksville, Ohio, a former Deputy of the Perry County Sheriff's Office; Robert Ford, the victim; and, Sergeant Keith Peck of the Perry County Sheriff's Office.

{¶9} Appellant did not present any witnesses.

{¶10} The Jury found Appellant guilty of Breaking and Entering and Attempted Theft.

{¶11} On March 22, 2013, the trial court sentenced Appellant to a definite term of eleven (11) months in prison and imposed a fine of One Thousand Dollars ($1,000.00) on the charge of Breaking and Entering. The trial court also imposed a sentence of fifty-one (51) days in the Southeastern Ohio Regional Jail on the offense of Attempted Theft, with said period of incarceration to be served consecutive to the sentence imposed for Breaking and Entering. The Sentencing Entry was filed on March 29, 2013.

{¶12} Appellant now raises the following Assignment of Error on appeal:

ASSIGNMENT OF ERROR

{¶13} "I. DEFENDANT/APPELLANT WAS ERRONEOUSLY SENTENCED TO CONSECUTIVE SENTENCES ON A FIFTH DEGREE FELONY AND SECOND DEGREE MISDEMEANOR WHICH CONSTITUTES AN ABUSE OF DISCRETION BY THE COURT."

## I.

{¶14} Appellant, in his sole Assignment of Error, argues that the trial court's imposition of consecutive sentences was an abuse of discretion.

{¶15} More specifically, Appellant argues that the trial court was required to run the misdemeanor sentence and the felony sentence in this matter concurrently.

{¶16} Revise Code §2929.41, Multiple sentences, provides in relevant part:

{¶17} "(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

{¶18} "When consecutive sentences are imposed for misdemeanors under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months."

{¶19} "* * *

{¶20} "(3) * * * When consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more misdemeanors and one or more felonies under this division, the term to be served is the aggregate of the consecutive terms imposed, and the offender shall serve all terms imposed for a felony before serving any term imposed for a misdemeanor."

{¶21} Pursuant to R.C. §2929.41(B)(1), we find that the trial court had the authority to specify that the misdemeanor and felony sentences herein run consecutively.

**{¶22}** Appellant also argues that the trial court failed to state its reasons why consecutive sentences should be in imposed in this case.

**{¶23}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-Foster. *See State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley,* 3rd Dist. Marion No. 9–12–31, 2013–Ohio–852, ¶ 12, citing *State v. Frasca,* 11th Dist. Trumbull No. 2011–T–0108, 2012–Ohio–3746, ¶ 57. The record must clearly demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. *See State v. Queer,* 5th Dist. Ashland No. 12–COA–041, 2013–Ohio–3585, ¶ 21.

**{¶24}** R.C. §2929.14(C)(4) provides, in relevant part:

**{¶25}** "If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶26}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶27}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶28}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶29}** We have consistently stated the record must clearly demonstrate consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy,* 5th Dist. No. CT2012–0001, 2012–Ohio–4955; *State v. Bonnell,* 5th Dist. No. 12CAA3022, 2012–Ohio–515.

**{¶30}** In other words, in reviewing the record we must be convinced the trial court imposed consecutive sentences because it had found consecutive sentences were necessary to protect the public or to punish the offender, they are not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, in reviewing the record we must be convinced that the trial court found the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or the offender committed one or

more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. §2929.14(C)(4).

{¶31} Here, the trial court did not set forth any findings to support the imposition of consecutive sentencing as required by R.C. §2929.14(C)(4). The trial court is required to make the appropriate statutory findings prior to imposing consecutive sentences. We therefore hold the trial court committed plain error as a matter of law when it imposed consecutive sentences in this case.

{¶32} Appellant's sole Assignment of Error is sustained.

{¶33} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is reversed and remanded to the trial court for resentencing due to

the trial court's failure set forth proper findings to support the imposition of consecutive sentencing as required by R.C. §2929.14(C)(4).


By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.