NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-655

THE STATE OF OHIO, APPELLANT, *v.* POLUS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Polus,* Slip Opinion No. 2016-Ohio-655.]

*Criminal law—Sentencing—A trial court may not impose consecutive sentences for felony and misdemeanor convictions under R.C. 2929.41(B)(1).*

(No. 2014-1062—Submitted June 24, 2015—Decided February 25, 2016.)

CERTIFIED by the Court of Appeals for Lucas County, Nos. L-13-1119 and L-13-1120, 2014-Ohio-2321.

_____

**O'NEILL, J.**

{¶ 1} Appellee, Walter Polus, pled guilty to two counts of receiving stolen property, one a fifth-degree felony and the other a first-degree misdemeanor. The Lucas County Court of Common Pleas ordered Polus to serve the sentences imposed for the two offenses consecutively. Polus appealed, and the Sixth District Court of Appeals reversed the part of the trial court's order that imposed the two sentences consecutively. At the request of the State of Ohio, we recognized a

conflict, 140 Ohio St.3d 1413, 2014-Ohio-3785, 15 N.E.3d 882, and now consider the following issue:

"Whether a trial court may impose consecutive sentences for felony and misdemeanor convictions under R.C. 2929.41(B)(1)."

{¶ 2} We answer the certified question in the negative, affirm the judgment of the court of appeals, and remand the matter to the trial court for further proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 3} On two occasions, Polus purchased tools that he suspected were stolen and later offered them for sale. The state sought and acquired a grand-jury indictment that charged Polus in February 2013 with two fifth-degree felony counts of receiving stolen property. The state asked the trial court to amend the second count to a first-degree misdemeanor, and in return Polus agreed to plead guilty to those two charges.

{¶ 4} The trial court accepted the guilty pleas to the charges as amended, sentencing Polus to serve an 11-month term in prison for the felony and a six-month term for the misdemeanor. The court ordered Polus to serve the felony and misdemeanor sentences consecutively.

{¶ 5} Thereafter, in a separate case involving other charges, Polus pled guilty to—and was convicted of—two fifth-degree felony counts of receiving stolen property. The court imposed two 11-month prison terms for these convictions and ordered Polus to serve them consecutively to one another and to the terms imposed in the case stemming from the February 2013 indictment. Neither party has raised any issue with the consecutive-sentencing order in the case involving the subsequently filed charges, and we do not address that order.

{¶ 6} Polus appealed to the Sixth District Court of Appeals. He argued that a sentencing order running a jail term for a misdemeanor consecutively to a prison

2

sentence for a felony is contrary to R.C. 2929.41(A).[1]  Consistent with prior decisions from the Sixth District, the court of appeals held that the language of R.C. 2929.41(A) and 2929.41(B)(1) creates an ambiguity that must be construed against the state under R.C. 2901.04(A).  2014-Ohio-2321, ¶ 15.  The court therefore reversed the trial court's sentencing order insofar as it ran the misdemeanor jail term consecutively to the felony prison sentence and modified the sentence to run the terms of confinement concurrently.  *Id*. at ¶ 23-24.  Sua sponte, the court of appeals certified that its holding conflicted with holdings issued by the Fifth and Eighth District Courts of Appeals in *State v. Vanmeter*, 5th Dist. Fairfield No. 2011-CA-0032, 2011-Ohio-6110; *State v. Varney*, 5th Dist. Perry No. 13 CA 00002, 2014-Ohio-193; and *State v. Barker*, 8th Dist. Cuyahoga No. 99320, 2013-Ohio-4038.  2014-Ohio-2321, ¶ 18.

**Analysis**

{¶ 7} The threshold issue in this matter is whether the statute is ambiguous. In the normal course, statutes mean what they say by their plain language.  *In re T.R.*, 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 8.  "If the language is clear and unambiguous, we must apply the statute as written." *Id.*  When a statute presents an ambiguity, however, the legislature has directed us in R.C. 1.49 to consider several factors to determine legislative intent.  In criminal cases, we construe "sections of the Revised Code defining offenses or penalties * * * against the state, and liberally * * * in favor of the accused."  R.C. 2901.04(A).

{¶ 8} R.C. 2929.41 states:

(A) Except as provided in division (B) of this section, * * * a prison term, jail term, or sentence of imprisonment shall be served

---

[1] The court of appeals modified Polus's sentence for the misdemeanor conviction to substitute 180 days for six months.  2014-Ohio-2321, ¶ 20-23.  The parties have not raised any issues with this aspect of the judgment of the court of appeals.

concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. *Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.*

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

\* \* \*

(B)(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

(Emphasis added.)

{¶ 9} The court of appeals determined that R.C. 2929.41 is ambiguous because "provision (B)(1) vests the trial court with authority to impose consecutive sentences" while the above-italicized language in R.C. 2929.41(A) "would appear to prohibit consecutive sentences for a felony and misdemeanor unless provision

(B)(3) applies." 2014-Ohio-2321, ¶ 7. As the court noted and neither party disputes, R.C. 2929.41(B)(3) is inapplicable to this matter.

{¶ 10} We find no ambiguity in R.C. 2929.41 regarding the issue that we resolve today. The first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions, including the provisions in R.C. 2929.41(B) and other statutes not applicable to this matter. The second sentence of R.C. 2929.41(A) creates a more specific rule that speaks directly to the certified question in this matter: subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions.

{¶ 11} Our prior authorities regarding R.C. 2929.41 do not control the outcome of this matter, but they do support our determination. The last time we considered this question, we held that "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence." *State v. Butts*, 58 Ohio St.3d 250, 569 N.E.2d 885 (1991), syllabus. When we decided *Butts*, the second sentence of R.C. 2929.41(A) stated, "*In any case*, a sentence of imprisonment for misdemeanor *shall be served concurrently* with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution." (Emphasis sic.) Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1307, 1438; *see Butts* at 251. In 2000, the General Assembly replaced the phrase "[i]n any case" with the phrase "[e]xcept as provided in division (B)(2) of this section." Am.Sub.S.B. No. 22, 148 Ohio Laws, Part IV, 8353, 8389. R.C. 2929.41(B)(2) was renumbered as R.C. 2929.41(B)(3) effective in 2004, Am.Sub.S.B. No. 123, 149 Ohio Laws, Part II, 2467, 2661, and it is substantially the same today. This new language has no effect on our analysis, as it is undisputed that subsection (B)(3) does not apply in this matter as an exception to the general rule in favor of concurrent sentencing.

**{¶ 12}** Although some lower courts have read R.C. 2929.41(B)(1) to contradict our conclusion, we do not. We must presume that the General Assembly intended every part of the statute to be effective. R.C. 1.47(B). "No part [of a statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917). Accordingly, we cannot say that a trial court may impose consecutive sentences for any set of felony and misdemeanor convictions under R.C. 2929.41(B)(1) because R.C. 2929.41(B)(3) more narrowly circumscribes the authority of the trial courts. To do so would be to write subsection (B)(3) out of the Revised Code. Instead, we hold that R.C. 2929.41(B)(1) merely "requires a sentencing court to impose sentences for misdemeanor violations of R.C. 2907.322 (pandering sexually oriented matter involving a minor), 2921.34 (escape), or 2923.131 (possession of deadly weapon while under detention) 'consecutively to any other prison term, jail term, or sentence of imprisonment.' " *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 14, quoting R.C. 2929.41(B)(1). The reference in R.C. 2929.41(B)(1) to a trial court's authority to "specif[y]" consecutive sentences refers only to the authority delineated in R.C. 2929.41(B)(3).

### Conclusion

**{¶ 13}** Accordingly, we answer the certified question in the negative, affirm the judgment of the court of appeals, and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., dissents.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellant.

Groth & Associates and Tim A. Dugan, for appellee.

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.

_____