[Cite as *State v. Leasure*, 2018-Ohio-1470.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: <br> Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. <br> Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 33 |
| GARY R. LEASURE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 17 CR 19


JUDGMENT:     Reversed


DATE OF JUDGMENT ENTRY:     April 13, 2018


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
PROSECUTING ATTORNEY
CHRISTOPHER REAMER
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

SCOTT P. WOOD
CONRAD & WOOD
120 East Main Street
Suite 200
Lancaster, Ohio 43130

*Wise, John, P. J.*

{¶1} Appellant Gary R. Leasure appeals his sentence entered in the Fairfield County Court of Common Pleas following a plea of guilty to one count of trespassing, one count of violation of a protection order, and one count of resisting arrest.

**STATEMENT OF THE FACTS AND CASE**

{¶2} The relevant facts and procedural history are as follows:

{¶3} On January 13, 2017, Appellant Gary Leasure was indicted on the following counts: Count 1: possession of heroin, in violation of R.C. §2925.11 (C)(6)(a), a felony of the fifth degree; Count 2: possession of drug abuse instruments, in violation of R.C. §2925.12, a misdemeanor of the second degree; Count 3: Trespass in a permanent or a temporary habitation, in violation of R.C. §2911.12(8), a felony of the fourth degree; Count 4: violation of a protection order, in violation of R.C. §2919.27, a misdemeanor of the first degree; and, Count 5: resisting arrest, in violation of R.C. §2921.33, a misdemeanor of the second degree, to which Appellant entered pleas of not guilty.

{¶4} On March 31, 2017, Appellant entered a guilty plea to Count 3, Count 4 and Count 5, a felony and two misdemeanors, and was placed on 5 years of community control.

{¶5} On July 6, 2017, a motion was filed to revoke Appellant's community control.

{¶6} On July 31, 2017, an oral hearing was held on the motion to revoke Appellant's community control. At that time, Appellant waived his right to a hearing and stipulated to violations of his community control. Further, Appellant requested that the trial court impose the balance of his sentence. Appellant further requested that the

sentences for the two misdemeanor violations run concurrent with the felony sentence. (Revocation Hearing, T. at 6-7).

{¶7} At the revocation hearing, the trial court revoked Appellant's community control and imposed a sentence of 16 months in a state penal institution on Count 3. With regard to Count 5, the trial court ordered that 90 days in the Fairfield County Jail run concurrent with the 16 month prison sentence. On Count 4, the trial court ordered that Appellant be sentenced to 180 days in the Fairfield County Jail, consecutive to the 16 month prison sentence. The trial court also gave Appellant 210 days of jail time credit. (Revocation Hearing, T. at 11).

{¶8} As a result of the trial court's imposition of consecutive sentencing with regard to Count 3 and Count 4, 180 days of the 210 days of jail time credit was first applied to the misdemeanor sentence and only 30 days was applied to the 16 month prison sentence.

{¶9} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT IS CONTRARY TO LAW."

**I.**

{¶11} In his sole assignment of error, Appellant argues that the trial court erred in imposing consecutive sentences in this matter. We agree.

{¶12} Appellant herein argues that the trial court erred by failing to run his misdemeanor jail sentences concurrent to his felony prison sentence pursuant to R.C. §2929.41(A) provides, in relevant part:

Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶13} This language was recently discussed by the Supreme Court of Ohio in *State v. Polus,* 145 Ohio St.3d 266, 2016–Ohio–655, 48 N.E.3d 553, where the court held that a trial court must impose concurrent sentences for felony and misdemeanor convictions under R.C. §2929.41(A) unless the exception within R.C. §2929.41(B)(3) pertaining to certain motor vehicle offenses applies.

{¶14} In this case, the parties acknowledge that the exception found in R.C. §2929.41(B)(3) does not apply. Thus, we find that the trial court erred in imposing consecutive sentences for Appellant's felony and misdemeanor offenses.

{¶15} Appellant's sole assignment of error is sustained.

{¶16} For the forgoing reasons, the judgment of the Fairfield County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), we modify the trial court's order by instructing that Appellant's misdemeanor sentence of 180 days in jail on Count Four, Violation of a Protection Order, in violation of R.C. §2919.27(A)(1), is to be served

concurrently with his 16 month felony sentence on Count Three, Trespass in a Habitation, in violation of R.C. §2911.12(B).

By: Wise, John, P. J.

Hoffman, J., and

Wise, Earle, J., concur.

JWW/d 0403