[Cite as *State v. Clark*, 2022-Ohio-1387.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 2021 CA 00067 |
| D'ANDRE CLARK | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Licking County Court of Common Pleas, Case No. 2021 CR 00194


JUDGMENT:      Affirmed in part; Reversed in part; Remanded for resentencing


DATE OF JUDGMENT ENTRY:      April 25, 2022


APPEARANCES:


For Plaintiff-Appellee      For Defendant-Appellant

WILLIAM C. HAYES      WILLIAM T. CRAMER
Licking County Prosecutor      470 Olde Worthington Road – Suite #200
     Westerville, Ohio 43082
CLAY MISCHKA
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant D'Andre Clark appeals the judgment entered by the Licking County Common Pleas Court convicting him of failure to comply with the order or signal of a police officer (R.C. 2921.331(B)) with an accompanying firearm specification (R.C. 2941.141(A)) and failure to stop after an accident (R.C. 4549.02), and sentencing him to an aggregate term of incarceration of twenty-five months.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 27, 2020, Officer Josh DeJesus of the Pataskala Police Department was observing traffic on Broad Street in Licking County.  A silver SUV with dark tinted windows drove past him.  Because of the tinted windows, Officer DeJesus entered the license plate number into LEADS, and discovered an active arrest warrant for the owner of the vehicle.   Officer DeJesus activated his overhead lights and pursued the SUV.

**{¶3}** The officer pulled behind the SUV, which had stopped and pulled to the side of the road.  At this point the SUV drove away from the officer and a chase ensued.  During the pursuit, the SUV failed to use turn signals, forced other vehicles off the road, passed multiple vehicles illegally, and reached speeds in excess of 100 mph.  The SUV ran a stop light, collided with another vehicle, and failed to stop after the collision.  The SUV eventually entered a residential neighborhood in Reynoldsburg.  The driver of the SUV lost control of the vehicle.  The SUV lifted on to the two left tires, struck a parked car in a driveway, and came to a complete stop.

**{¶4}** Trooper Andrew Garwood of the Ohio State Highway Patrol observed the chase and joined the pursuit, providing backup to Officer DeJesus.  After the SUV came

to a stop, the officers ordered the driver of the SUV out of the vehicle. Appellant exited the SUV. Appellant told officers he fled because he already had an improper handling of a firearm charge, and he was high. Appellant confirmed there was a firearm in the vehicle. Trooper Garwood recovered the firearm from the driver's side floorboard by the gas pedal. The trooper also recovered a loaded magazine from the glove box.

{¶5} Appellant was initially indicted by the Licking County Grand Jury with two counts of failure to comply with the order of a police officer, improper handling of a firearm in a motor vehicle, and failure to stop after an accident, with three accompanying firearm specifications. The indictment was later amended to one count of failure to comply with the order of a police officer with an accompanying firearm specification, and one count of failure to stop after an accident.

{¶6} The case proceeded to bench trial in the Licking County Common Pleas Court. At trial, Appellant testified he had placed the firearm in the back hatch area of the SUV, where it was inaccessible to him while he was driving. He testified he did not see the firearm near the front seat before exiting the vehicle.

{¶7} Following trial, the trial court found Appellant guilty of both charges and of the firearm specification, and sentenced him to twelve months in prison for failure to follow the order of a police officer, 30 days incarceration for failure to stop after an accident, and one year incarceration for the firearm specification, with all sentences to be served consecutively for an aggregate term of incarceration of twenty-five months. It is from the December 23, 2021 judgment of the trial court Appellant prosecutes this appeal, assigning as error:

I. APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BY INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR A FIREARM POSSESSION SPECIFICATION.

II. THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE CONVICTION ON THE FIREARM SPECIFICATION.

III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A CONSECUTIVE TERM OF 30 DAYS FOR THE MISDEMEANOR CONVICTION OF FAILURE TO STOP.

I., II.

**{¶8}** In his first and second assignments of error, Appellant argues the judgment of conviction on the firearm specification is against the manifest weight and sufficiency of the evidence. He argues the only evidence presented concerning the accessibility of the firearm during the chase was Appellant's testimony the firearm was inaccessible to him while driving because he had placed it in the back hatch area of the SUV, where he could not reach the firearm.

**{¶9}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶10} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11} Pursuant to R.C. 2929.14 and R.C. 2941.141, the trial court found Appellant "had a firearm on or about the offender's person or under the offender's control while committing the offense."

{¶12} Trooper Garwood testified he found a firearm on the floorboard of the SUV, near the gas pedal on the driver's side. This is sufficient evidence, if believed by the trial judge, to support a finding of guilty on the firearm specification.

{¶13} Appellant argues the judgment is against the manifest weight of the evidence because the officers did not see the firearm until after the vehicle had stopped. He argues the only evidence regarding the location of the firearm during the commission of the offense was his own testimony the firearm was in an inaccessible location in the back hatch of the vehicle, and apparently became dislodged during the final crash.

{¶14} The State argued as follows in closing argument:

The other problem is that the Defendant's story is not credible, if not ridiculous. He claims that he has this in an inaccessible compartment that you can only reach from underneath the back seats, and that somehow when the only movement his car has made is up on two wheels, it has somehow come underneath the back seats, over the console and into the

front passenger part of the compartment.  It just doesn't make a lot of sense, Judge.

**{¶15}**  Tr. 101.

**{¶16}**  Immediately following this argument by the State, the trial court indicated it agreed with the State.

**{¶17}**  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).  The trial court did not find Appellant's testimony the firearm was in a back hatch area of the vehicle which was inaccessible to him during the chase to be credible.  We find the trial court did not lose its way in disbelieving Appellant's testimony based on the final resting place of the firearm, and the judgment is not against the manifest weight of the evidence.

**{¶18}**  The first and second assignments of error are overruled.

III.

**{¶19}**  In his third assignment of error, Appellant argues the trial court erred in ordering the sentence on the misdemeanor conviction of failing to stop after an accident to run consecutively with the felony conviction of failure to comply with the order of a police officer.  The State concedes pursuant to *State v. Polus*, 145 Ohio St. 3d 266, 48 N.E.3d 530, 2016-Ohio-655, the trial court erred in running the sentence for the

misdemeanor consecutively with the sentence for the felony.   Accordingly, the third assignment of error is sustained.

{¶20} Appellant's convictions are affirmed.   The sentence is reversed and the matter is remanded to the trial court for resentencing in accordance with law and our opinion. Costs are assessed to Appellant.


By: Hoffman, J.

Wise, Earle, P.J.  and

Gwin, J. concur