[Cite as *State v. Karlowicz*, 2023-Ohio-2065.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 112044 |
| v. | : | |
| ROBERT K. KARLOWICZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 22, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-655073-A, CR-22-669488-A, CR-22-669517-A,
CR-22-669518-A, and CR-22-669993-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jeffrey M. Maver, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} In this appeal, defendant-appellant, Robert K. Karlowicz
("Karlowicz"), challenges the trial court's imposition of consecutive sentences in five

separate cases. He further challenges the trial court's imposition of indefinite sentences under the Reagan Tokes Law. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In April and May 2022, Karlowicz was charged in four separate cases resulting from offenses committed between February 2022 through April 2022. Karlowicz was first charged in Cuyahoga C.P. No. CR-22-669488 with tampering with evidence, a third-degree felony. Six days later he was charged in Cuyahoga C.P. No. CR-22-669517 with robbery, a second-degree felony. The count carried a notice of prior conviction and a repeat violent offender specification. In May 2022, he was charged in Cuyahoga C.P. No. CR-22-669518 with five counts of improperly discharging into a habitation, a second-degree felony (Counts 1-5) and having a weapon while under disability, a third-degree felony (Count 6) ("HWWUD"). Each of Counts 1-5 carried a one- and three-year firearm specification, a repeat violent offender specification, and a notice of prior conviction specification. Twelve days later he was charged in Cuyahoga C.P. No. CR-22-669993 with aggravated vehicular homicide, a first-degree felony (Count 1), and operating a vehicle under the influence of alcohol ("OVI"), a first-degree misdemeanor. The fifth case resulted from Karlowicz's probation violation in a previous case, Cuyahoga C.P. No. CR-20-655073. In that case, Karlowicz was serving community-control sanctions following a guilty plea to attempted burglary, a fifth-degree felony, and criminal damaging, a second-degree misdemeanor, when he absconded from probation and committed the offenses from which the four 2022 cases arose.

{¶ 3} In August 2022, Karlowicz entered into a plea agreement with plaintiff-appellee, the state of Ohio ("State"). In CR-22-669488, Karlowicz pled guilty to tampering with evidence as charged in Count 1. In Case No. CR-22-669517, Karlowicz pled guilty to third-degree robbery as amended in Count 1. In Case No. CR-22-669518, Karlowicz pled guilty to an amended Count 1 (improperly discharging into a habitation), with the three-year firearm and notice of prior conviction specifications attached. He also pled guilty to HWWUD as charged in Count 6. The remaining specifications and counts were nolled. In Case No. CR-22-669993, Karlowicz pled guilty to second-degree aggravated vehicular homicide as amended in Count 1, and OVI as charged in Count 2. The court then referred Karlowicz to the probation department for a presentence investigation and report ("PSI") prior to sentencing.

{¶ 4} In September 2022, the court held Karlowicz's sentencing hearing. Prior to sentencing, the court heard from Beverly Kuzio ("Kuzio"), who is the aunt of the decedent, Cherise Orgovan ("Orgovan"), in Case No. CR-22-669993. Kuzio described receiving a phone call that Orgovan, the mother of four children, was "in a bad car accident" and that she "was gravely injured." (Sept. 20, 2022, tr. 45.) Kuzio and other family members learned that Karlowicz was "driving under the influence that night without a valid driver's license, speeding and had no headlights on the car when he slammed [Orgovan's] side of the SUV into a moving bus going into the opposite direction." (Sept. 20, 2022, tr. 46.) Karlowicz and Orgovan were in a relationship at the time.

{¶ 5} Kuzio described another phone call she received advising her that Orgovan's three-year old son was hospitalized for his finger, which had been blown off. Kuzio stated that the finger had to be removed because the reattachment surgery was unsuccessful. Kuzio asked that the trial court "impose the maximum sentences for all charges." (Sept. 20, 2022, tr. 47.)

{¶ 6} The court next heard from April Norris ("Norris"), who identified herself as Orgovan's best friend, and read letters authored by Orgovan's two eldest children. Orgovan's son asked for the maximum sentence and wrote, "[o]n April 12th my mother was taken off life support and passed away due to the accident that [Karlowicz] caused because of his careless and irresponsible behaviors and now my sister and two younger brothers and myself have no mother." (Sept. 20, 2022, tr. 48.) Orgovan's daughter asked for justice and wrote, Karlowicz "triggered my mom to relapse and cause chaos in her life, my brother's life and mine. He took our mother away from me and all of my brothers. He left my baby brothers * * * motherless. He abused my baby brothers and my mother as well. He stole, he lied, and he cheated. He left me without a mother at 15. I am robbed and so are my brothers." (Sept. 20, 2022, tr. 49.)

{¶ 7} The trial court also heard from the State, who outlined Karlowicz's criminal history and the circumstances of the five cases. The State explained that Karlowicz had "a lengthy and violent history dating back to the early '90s." (Sept. 20, 2022, tr. 49.) The State further noted that Karlowicz was on probation with the court in Case No. CR-20-655073 when he committed these four violent cases within

a two-month span. The crime spree began with the February 2022 robbery that gave rise to the charges in CR-22-669517 and ultimately ended in April 2022, when Karlowicz was apprehended for aggravated vehicular homicide. The State mentioned that he "was high on alcohol, crack and heroin at the time" of the accident. (Sept. 20, 2022, tr. 51.)

{¶ 8} The tampering with evidence case stems from the gunshot wound suffered by Orgovan's three-year old son. The State advised that the authorities learned from Orgovan that there was a bullet lodged in a dresser drawer after the gun was fired. The authorities later learned Karlowicz removed the bullet from the drawer. Karlowicz advised that he put it in his tool bag and then took the tool bag to a different location.

{¶ 9} With regard to the improper discharge into a habitation case, the State acknowledged that Karlowicz made a statement that he went over to the house of the victim and fired one shot into the air to scare the victim. The State, however, noted that the evidence does not comport with Karlowicz's statement because the glass in the front door of the house was shattered and there was a bullet defect in the front hallway. The State concluded by asking the court to impose consecutive sentences.

{¶ 10} The trial court then heard from defense counsel. Defense counsel acknowledged that Karlowicz has a long record. Defense counsel emphasized that Karlowicz admitted to committing the actions of which he was accused and that he "has been very, very remorseful * * *." (Sept. 20, 2022, tr. 56.) Defense counsel

asked that the trial court not to impose a consecutive sentence. The trial court then heard from Karlowicz himself. He apologized to Orgovan's family and stated that he loved her and her children.

{¶ 11} The trial court first addressed Karlowicz by stating:

[Y]ou know, this is just a long series of events and it all began with you pleading to me for help with your substance abuse problem, me giving you the opportunity to go to inpatient treatment to get your life straight. You absconded. You left from inpatient treatment which tells me all that I needed to know about what you wanted to do with your life and care for yourself, so you absconded.

* * *

[S]o this was just a crime spree. And * * * because you were on probation to me even prior to this burglary case in which we gave you, this was an escape case in which you violated and I gave you prison again. And we had tried to give you some drug counseling at that time, so at this point we exhausted all of our resources when you absconded. And then you went on essentially a crime spree.

And * * * one of the things about this case is that it wasn't just a driving under the influence, you saw the officers and you put your desire and your freedom trying to escape from custody, escape from the police over and above anybody else's safety. You took off, you hit an RTA bus, and you ended up taking the life of a young woman who had four children. And this was all while you were high on drugs.

(Sept. 20, 2022, tr. 57, 59-60.)

{¶ 12} The trial court also took note of the fact that the first thing Karlowicz did when he absconded was engage in a robbery at 4251 West 123rd Street, which formed the basis of the charges in Case No. CR-22-669517. Karlowicz also "assaulted" an occupant of the home. The trial court noted that the second incident, which formed the basis for Case No. CR-22-669518, occurred "a little over a month later." (Sept. 20, 2022, tr. 58.) The trial court stated that the third incident, which

formed the basis of the charges in Case No. CR-22-669488, "happened at that same residence of 4251 West 123rd Street" and involved "the decedent's child." (Sept. 20, 2022, tr. 59.)

{¶ 13} The court then imposed a consecutive prison term as to all five cases, sentencing Karlowicz to the following:

669993

Count 1:  SB201 minimum prison term of 8 years, with an indefinite prison term of 4 years, for a maximum prison term of 12 years.  The total stated prison term is 8 to 12 years.

Count 2:  6 months

Counts shall be served concurrently

Sentence on Count 1, aggravated vehicular homicide, is mandatory.

669518

Count 1:  SB201 sentence:  [Karlowicz] shall serve 3 years mandatory prison on firearm specification, prior and consecutive to serve a minimum prison term of 4 years, with an indefinite prison term of 2 years, for a maximum prison term of 6 years.  * * *

Count 6:  30 months

Counts shall be served concurrently

Sentence on Count 1 is mandatory due to notice of prior conviction under [R.C.] 2929.13(F)(6).

669517

Count 1:  30 months

669488

Count 1:  30 months

655073

Count 1:  6 months local incarceration.

Count 2:  90 days local incarceration.

Counts shall be served concurrently.

By virtue of jail time credit, sentence in this case, 655073, has been completed.

All cases shall be served consecutive to one another.  Due to completion of local sentence for case 655073, total prison sentence for cases 669993, 669488, 669518, and 669517 is 20 to 26 years.

SB201 sentences:

[Karlowicz] advised that in case 669993, Count 1, and case 669518, Count 1, he is not eligible for earned 5-15% reduction of minimum term due to convictions, which include a mandatory prison sentence.

[Karlowicz] was advised of presumptive release date after minimum term served, and the bases for rebutting release.  [Karlowicz] advised of bases for ODRC to extend the prison term.

[Karlowicz] advised that there is a mandatory release after expiration of the maximum prison term.

Defense objects to imposition of SB201 sentence based on constitutionality issues.

The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish [Karlowicz]; that the consecutive sentences are not disproportionate to the seriousness of [Karlowicz's] conduct and to the danger [Karlowicz] poses to the public; and that, [Karlowicz] committed one or more of the multiple offenses while [he] was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [his] conduct, or [his] history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by [Karlowicz].[1]

(Judgment Entry in Case No. CR-22-669993, Sept. 20, 2022.)

{¶ 14} Karlowicz now appeals, raising the following two assignments of error for review:

> **Assignment of Error One:** The trial court record does not support the imposition of five consecutive sentences in the aggregate.
>
> **Assignment of Error Two:** The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

## II. Law and Analysis

### A. Consecutive Sentence

{¶ 15} In the first assignment of error, Karlowicz, relying on *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, argues that the trial court erred when it ordered him to serve consecutive sentences because the record does not indicate that the trial court considered the overall number of consecutive sentences and Karlowicz's aggregate sentence total when deciding to sentence him to 20-26 years in prison.[2]

{¶ 16} Our review of consecutive sentences is authorized by R.C. 2953.08(G)(2), which provides in relevant part:

---

[1] In the judgment entry, the court also stated that it "considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11." (Judgment Entry in Case No. CR-22-669993, Sept. 20, 2022.)

[2] We note that a motion for reconsideration is currently pending before the Ohio Supreme Court in *Gwynne*.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 17} When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, unless certain exceptions apply. *Gwynne* at ¶ 10, citing R.C. 2929.41(A); *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553. Relevant to the instant case is the exception under R.C. 2929.14(C)(4), which provides that when imposing consecutive sentences, a sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct, and that one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 18} In *Gwynne*, Slip Opinion No. 2022-Ohio-4607, the Ohio Supreme Court stated that appellate review of consecutive sentences is a two-step process. *Id.* at ¶ 25. First, the reviewing court is to determine whether the findings under R.C. 2929.14(C)(4) were made — "i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)." *Id.* Karlowicz concedes that these statutory findings were made.

{¶ 19} Our focus then turns to the next step, which requires the appellate court to "determine whether the record clearly and convincingly supports those findings." *Id.* at ¶ 26. In reviewing the record, the appellate court is to examine "both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings." *Id.* at ¶ 29. If after reviewing the record, the appellate court finds that "even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2)," the *Gwynne* Court directs us to either modify or vacate the trial court's order of consecutive sentences. *Id.* at ¶ 26, citing R.C. 2953.08(G)(2).

{¶ 20} Karlowicz argues that the record in this case does not clearly and convincingly support the imposition of consecutive sentences because there is no

indication that "the trial court considered the overall number of consecutive sentences and the aggregate sentence imposed when deciding to sentence [Karlowicz] to 20 to 26 years in prison at the age of 44."

{¶ 21} Although Karlowicz argues that the record does not support the imposition of consecutive sentences, a thorough review of the record reflects otherwise. In the instant case, the trial court made the following findings on the record:

> I find that consecutive prison terms are necessary to punish you and protect the public from future crime. The consecutive sentences are not disproportionate to the seriousness of your conduct or the danger that you pose to the public.
>
> First under subsection A, one or more offenses were committed while you were awaiting trial or sentencing on court supervised release or post release control. And that was in * * * your probation case. And then moreover, mainly, two or more of these offenses, all of them were, one or more courses of conduct and the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct. Actually you qualify for all three of these. Your criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
>
> I reviewed your prior history dating all the way back to 1994, robbery, assault, aggravated assault, disorderly conduct, multiple fugitive from justice, you also had receiving stolen property, escape, escape, another robbery case in 2000, we're up to the 2000s now. Assaults on a peace officer, harassment by inmate, another assault on corrections officer, drug possession, possession of drugs, 2003 aggravated menacing or stalking. You were arrested in this case. * * * I don't see a conviction. More drug charges in 2003. More drug charges in 2006. Another escape in 2006. Grand theft motor vehicle, 2006. Robbery, 2006. Another escape in 2006. Identity fraud, 2014. Escape in 2019. That was my case and the burglary case that you were on probation for and then these series of events that have caused more havoc to this family and community that consecutive sentences are more than appropriate in this case.

(Sept. 20, 2022, tr. 63-35.)

{¶ 22} Turning to *Gwynne*, we find the record demonstrates that the court considered the number of sentences it imposed consecutively as well as the resulting aggregate sentence. Karlowicz pled guilty to two second-degree felonies, each punishable by a mandatory prison term of two to eight years, three third-degree felonies, each punishable by a prison term of up to 36 months, a first degree misdemeanor punishable by six months or a $1,000 fine, and a mandatory prison term of three years for the firearm specification. The court notified Karlowicz of these maximum sentences at the plea hearing. When imposing its sentence, the court sentenced Karlowicz to concurrent sentences within each case that had multiple counts. The court then ran the sentences for each case consecutively for an aggregate prison term of 20-26 years in prison.[3]

{¶ 23} Thus, based on the foregoing, we clearly and convincingly find that the record supports the trial court's findings and the imposition of consecutive sentences under R.C. 2929.14(C)(4). The trial court noted, and we agree, that Karlowicz was on a crime spree after he absconded from probation, and the seriousness of his conduct and criminal history warranted consecutive sentences.

{¶ 24} Accordingly, the first assignment of error is overruled.

---

[3] We note that the instant case is distinguishable from *Gwynne*. In *Gwynne* the defendant was indicted on 86 felony counts and 15 misdemeanor counts in one case, and was sentenced to an aggregate, consecutive sentence of 65 years in prison. *Gwynne*, Slip Opinion No. 2022-Ohio-4607 at ¶ 4-5. Whereas, in the instant case, Karlowicz was sentenced in five different cases, with concurrent sentences in the cases with multiple counts, and the trial court then ordered that the five cases be served consecutively.

**B. Reagan Tokes Law**

{¶ 25} In the second assignment of error, Karlowicz challenges the constitutionality of his indefinite sentence under the Reagan Tokes Law, raising the same arguments addressed by this court en banc in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Karlowicz acknowledges that he advances these arguments to preserve them for further review. Based on the arguments presented, however, we conclude that Karlowicz's sentence is constitutional under *Delvallie*.

{¶ 26} Therefore, the second assignment of error is overruled.

## III. Conclusion

{¶ 27} The record clearly and convincingly supports the trial court's findings and the imposition of a consecutive sentence of 20-26 years in prison under R.C. 2929.14(C)(4). Karlowicz went on a crime spree after absconding from probation, resulting in charges in four separate cases. The seriousness of his conduct and criminal history warranted consecutive sentences. Furthermore, Karlowicz's constitutional challenge to the Reagan Tokes Law is unpersuasive because this court has already found the law to be constitutional under *Delvallie*.

{¶ 28} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Administrative Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.