# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250511 |
| | | TRIAL NO. 25/CRB/12608 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| MYRON WALKER, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the sentence is reversed in part and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 1/9/2026 per order of the court.**

**By:**_____
　　　　**Administrative Judge**

**[Cite as *State v. Walker*, 2026-Ohio-51.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.   C-250511 |
| | | TRIAL NO.     25/CRB/12608 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| MYRON WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Sentence Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal: January 9, 2026

*Emily Smart Woerner*, City Solicitor, *Susan Zurface*, Chief Prosecuting Attorney, and *Keith C. Forman*, Supervising Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} In a case related to the one on appeal, defendant-appellant Myron Walker was convicted of attempted burglary, a felony offense. The trial court sentenced him to a 30-month prison term. In the case on appeal, the trial court convicted Walker of misdemeanor assault and imposed a 180-day jail term. It ordered Walker to serve the 180-day jail term consecutively to the 30-month prison term in the felony case.

{¶2} On appeal, Walker argues that the trial court abused its discretion because under R.C. 2929.41, it lacked authority to order him to serve the misdemeanor and felony sentences consecutively. The State concedes the error.

{¶3} We agree that the trial court abused its discretion by ordering Walker's misdemeanor sentence to be served consecutively to the felony sentence. Under Supreme Court of Ohio precedent, absent an exception provided by R.C. 2929.41(B), trial courts are required to impose concurrent sentences for felony and misdemeanor convictions. *State v. Polus*, 2016-Ohio-655, ¶ 10. We therefore reverse the consecutive nature of the sentence imposed for the misdemeanor assault charge and remand the case for resentencing consistent with this opinion.

## I. Factual and Procedural History

{¶4} In September 2025, Walker entered a no contest plea to misdemeanor assault in violation of R.C. 2903.13. After the State read the facts, the court accepted Walker's plea, found him guilty of the offense, and turned to sentencing. Defense counsel informed the trial court that in a related felony case, another trial court had convicted Walker on an attempted-burglary charge and had imposed a 30-month term in the Ohio Department of Rehabilitation and Correction.

{¶5} Walker's counsel asked the trial court to impose only time served in the

assault case—16 days—in view of Walker's felony sentence. The trial court sentenced Walker to a 180-day jail term, to be served consecutively to the 30-month felony sentence, with credit for 16 days served, along with a fine and court costs.

{¶6} On appeal, Walker argues that the trial court abused its discretion in ordering his sentence in the misdemeanor assault case to be served consecutively to the 30-month prison sentence in the felony attempted-burglary case. He asserts that the trial court's imposition of a consecutive sentence was not authorized by statute.

## II. Analysis

### A. R.C. 2929.41's Language

{¶7} R.C. 2929.41(A) governs concurrent and consecutive sentences when a trial court orders multiple sentences. The statute provides that

> (A) Except as provided in division (B) of this section, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. *Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for [a] misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for [a] felony served in a state or federal correctional institution.*

(Emphasis added.)

{¶8} R.C. 2929.41(B) delineates the exceptions to this concurrent sentencing presumption. Subsection (B)(1) provides,

> A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served

4

consecutively or when it is imposed for a misdemeanor violation of [R.C.] 2907.322 [pandering sexually oriented matter involving a minor], 2921.34 [escape], or 2923.131 [possessing a deadly weapon while under detention] . . . .

**{¶9}** The next subsection, R.C. 2929.41(B)(2), pertains to sentences imposed for multiple felony terms; therefore, it is not relevant to this appeal.

**{¶10}** R.C. 2929.41(B)(3) provides,

A jail term or sentence of imprisonment imposed for a misdemeanor violation of [various traffic offenses] shall be served consecutively to a prison term that is imposed for a felony violation of [R.C.] 2903.06 [aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter], 2903.08 [aggravated vehicular assault and vehicular assault], or 4511.19 [driving while intoxicated] or a felony violation of [R.C.] 2903.04 [involuntary manslaughter] . . . involving the operation of a vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

### B. Supreme Court of Ohio Precedent

**{¶11}** In *State v. Polus*, 2016-Ohio-655, ¶ 1, the Supreme Court of Ohio considered a conflict between Ohio courts of appeals: "Whether a trial court may impose consecutive sentences for felony and misdemeanor convictions under R.C. 2929.41(B)(1)."

**{¶12}** The *Polus* Court observed that R.C. 2929.41(A)'s first sentence states "the general rule requiring concurrent sentencing with only clearly delineated exceptions," including R.C. 2929.41(B). *Id.* at ¶ 10. And the *Polus* Court determined

that R.C. 2929.41(A)'s second sentence contains a specific rule: "subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions." *Id.*

{¶13} Some of R.C. 2929.41(B)'s language resulted in confusion among lower courts. Indeed, the *Polus* Court noted that lower courts had erroneously interpreted R.C. 2929.41(B)(1) in a manner contrary to the *Polus* Court's ruling. *Id.* at ¶ 12. But the *Polus* Court, noting that the entire statute must be given effect, determined that interpreting R.C. 2929.41(B)(1) to permit trial courts to "impose consecutive sentences for any set of felony and misdemeanor convictions" was improper "because R.C. 2929.41(B)(3) more narrowly circumscribes the authority of the trial courts." *Id.* To conclude otherwise "would be to write subsection (B)(3) out of the Revised Code." *Id.*

{¶14} Finally, the Court held that R.C. 2929.41(B)(1) "merely 'requires a sentencing court to impose'" consecutive misdemeanor sentences when an offender is convicted of the delineated misdemeanors. *Id.*, quoting *State v. Johnson*, 2008-Ohio-69, ¶ 14. It concluded that R.C. 2929.41(B)(1)'s reference to trial courts' "authority to 'specif[y]' consecutive sentences refers only to the authority delineated in R.C. 2929.41(B)(3)." *Id.*

### C. The Trial Court Abused its Discretion

{¶15} In Walker's case, nothing contained in R.C. 2929.41(B) permitted the trial court to impose consecutive sentences. Therefore, the trial court abused its discretion by ordering Walker to serve his misdemeanor sentence consecutively to the felony sentence in the related case.

{¶16} First, R.C. 2929.41(B)(1) did not require the trial court to impose consecutive sentences because Walker was not convicted of pandering sexually-oriented matter involving a minor, escape, or possessing a deadly weapon while under

detention. And no other portion of that subsection authorized the trial court to impose consecutive sentences.

{¶17} Second, R.C. 2929.41(B)(3) did not apply. Walker's misdemeanor conviction was not for any of the misdemeanor traffic offenses contained in (B)(3). And Walker's felony conviction was not for aggravated vehicular homicide, vehicular homicide, vehicular manslaughter, aggravated vehicular assault, vehicular assault, driving while intoxicated, or involuntary manslaughter involving the defendant's operating a vehicle.

{¶18} Because nothing in R.C. 2929.41 authorized the trial court to order Walker's misdemeanor assault sentence to run consecutively to his felony attempted-burglary sentence, we hold that the trial court abused its discretion by ordering Walker to serve his sentence for misdemeanor assault consecutively to his felony sentence.

{¶19} We sustain Walker's sole assignment of error, reverse the consecutive nature of Walker's misdemeanor sentence, and remand the matter to the trial court with instructions for the court to impose a concurrent sentence for the misdemeanor assault offense.

Sentence reversed in part and cause remanded.

ZAYAS, P.J., and NESTOR, J., concur.