[Cite as *State v. McNichols*, 2022-Ohio-3076.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-350 |
| | : | |
| BRENTON MCNICHOLS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brenton McNichols appeals his convictions for one count of improper handling of a firearm in a motor vehicle and two counts of aggravated possession of drugs. McNichols filed a timely notice of appeal on October 18, 2021.

{¶ 2} The incident which formed the basis for the charges occurred on December 18, 2020, when McNichols was arrested after a traffic stop, and a subsequent search of his vehicle resulted in the discovery of a concealed firearm and illegal drugs. On June 7, 2021, McNichols was indicted for the following offenses: Count I, carrying a concealed weapon, a felony of the fourth degree; Count II, improper handling of firearms in a motor vehicle, a felony of the fourth degree; Count III, aggravated trafficking in drugs, a felony of the third degree; Count IV, aggravated possession of drugs, a felony of the third degree; Count V, aggravated trafficking in drugs, a felony of the third degree; Count VI, aggravated possession of drugs, a felony of the third degree; Count VII, trafficking in a fentanyl related compound, a felony of the second degree; Count VIII, possession of a fentanyl related compound, a felony of the second degree; Count IX, trafficking in heroin, a felony of the second degree; and Count X, possession of heroin, a felony of the second degree. Counts II-X were accompanied by firearm specifications. At his arraignment on January 8, 2021, McNichols pled not guilty to the charges contained in the indictment.[1]

{¶ 3} On August 24, 2021, McNichols pled guilty to Count II, improper handling of

---

[1] Initially, McNichols was indicted in Clark County C.P. No. 2020-CR-734 for carrying a concealed weapon and improper handling of a firearm in a motor vehicle. A motion to suppress was filed in that case and was overruled by the trial court. After the indictment was filed in this case (Clark C.P. No. 2021-CR-350), the State filed a motion to dismiss the charges in Case No. 2020-CR-734, because those charges had been incorporated into the indictment in this case.

a firearm in a motor vehicle; Count IV, aggravated possession of drugs; and Count VI, aggravated possession of drugs. In exchange for McNichols's guilty pleas, the State dismissed the remaining counts and specifications in the indictment and agreed to remain silent at sentencing. The trial court accepted McNichols's pleas, found him guilty on all three counts, and ordered a presentence investigation report (PSI) to be prepared by the Adult Probation Department.

{¶ 4} McNichols was sentenced on September 23, 2021, to the following prison terms: Count II, 15 months; Count IV, 36 months; and Count VI, 36 months. The trial court ordered Counts IV and VI to be served concurrently to one another but consecutively to Count II, for an aggregate sentence of 51 months in prison.

{¶ 5} McNichols appeals. His sole assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES.

{¶ 6} McNichols contends that the trial court erred when it ordered him to serve consecutive sentences.

{¶ 7} McNichols did not object to the imposition of consecutive sentences in the trial court. Accordingly, we review the trial court's imposition of consecutive sentences for plain error. *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257, ¶ 8 (2d Dist.). In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Norris*, 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 22; Crim.R. 52(B). Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest

miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶ 8} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} At sentencing, the trial court stated the following in regard to the imposition of consecutive sentences:

So I do find that these drugs that you had, and a loaded gun, was a serious danger to the public. You don't have a long prior criminal record but you do have misdemeanor convictions as an adult of trespassing and receiving stolen property.

And driving under suspension, which I typically, not to demean the seriousness of it, which usually doesn't weigh in my decision making, but I'm going to tell you in a second why it is.

Your juvenile record doesn't seem to have anything overly serious on it. Unauthorized use of a vehicle. Unruly. But then you have a violation of probation, violation of probation, violation of probation, so that's why the driving under suspension carries some weight because essentially you don't follow the rules.

You can't comply with rules when you are on probation. You can't comply with the rules or the law when your license is under suspension. You have dangerous drugs on you, fentanyl, methamphetamine, and you have a loaded gun.

So all of this together leads to the Court's finding that consecutive sentences are necessary to protect the public from future crime and to punish you. That they are not disproportionate to the seriousness of your conduct and to the danger you pose to the public.

That your history of criminal conduct, again while not major offenses, it demonstrates that you cannot comply with rules of probation or the law; and to the Court that demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

And that the gun, the cash, and the drugs are all part of a course of conduct and that the harm caused by this conduct, and I should be clear, fortunately no harm was caused, because the deputy pulled you over and seized these items before they could be distributed.

But in fairness, the harm that would have been caused had you gone about your way would have been so great that no single prison term would adequately reflect the seriousness of your conduct.

Also, it should be noted that as referenced earlier, that the second degree felonies were dismissed. A second degree level of heroin, second degree level of fentanyl, those were dismissed. So it seems to me that you have already received pretty significant consideration by the prosecutor for whatever reason to dismiss those charges.

Sentencing Tr. 11-13. Additionally, before it imposed sentence, the trial court stated that it had received and reviewed McNichols's PSI.

{¶ 10} We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. Even " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' " *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69, quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86.

{¶ 11} As previously stated, McNichols pled guilty to one count of improper handling of a firearm in a motor vehicle and two counts of aggravated possession of drugs. In ordering that the sentence for McNichols's improper handling of a firearm be served consecutively to the two counts of aggravated possession of drugs, the trial court strictly adhered to the language of R.C. 2929.14(C)(4)(b), finding consecutive sentences "necessary to protect the public from future crime and to punish" McNichols and "not disproportionate to the seriousness of [his] conduct and to the danger [he] pose[s] to the public," and further finding that the offenses were committed as "part of a course of conduct" and "the harm that would have been caused had [he] gone about [his] way would have been so great that no single prison term would adequately reflect the seriousness

of [his] conduct."

{¶ 12} In support of its findings, the trial court found that McNichols's prior criminal record, while not "overly serious," established that he had refused to comply with the law, even while on probation. Furthermore, the trial court found that, although the second-degree felony charges related to trafficking in heroin and fentanyl had been dismissed pursuant to the plea agreement, those drugs were inherently dangerous and posed a substantial risk to the community at large. *See State v. Saylor*, 2d Dist. Champaign No. 2018-CA-14, 2019-Ohio-1025, ¶ 45 ("The trial court was free to take notice of its experience that there is a growing opiate overdose problem nationally, as well as in Urbana, to which the trial court alluded.") Additionally, the fact that the police were able to intervene before McNichols could distribute his illegal drugs was not determinative due to the other noted facts which supported the imposition of consecutive sentences. Accordingly, the trial court's consecutive sentences findings were not clearly and convincingly unsupported by the record or contrary to law.

{¶ 13} McNichols's assignment of error is overruled.

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Ian A. Richardson
Charles M. Blue

Hon. Douglas M. Rastatter