[Cite as *State v. Fleming*, 2023-Ohio-961.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-48 |
| | : | |
| v. | : | Trial Court Case No. 20-CR-0416 |
| | : | |
| JAMAL L. FLEMING | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 24, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

MARY ADELINE R. LEWIS, Attorney for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Upon remand from this court for resentencing, the trial court sentenced Jamal L. Fleming on one count of aggravated possession of drugs and one count of possession of cocaine to 12 months for each offense. It ordered the sentences to be served consecutively, for an aggregate term of 24 months. Fleming appeals, and the State

concedes error, as the trial court failed to determine Fleming's jail-time credit. The matter must be reversed in part and remanded so that the court can address jail-time credit by specifying the total number of days that Fleming earned as of the date of his sentencing hearing and giving Fleming an opportunity to be heard on this issue. The judgment of the trial court is affirmed in all other respects.

{¶ 2} On April 14, 2021, Fleming was found guilty, following a jury trial, on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2) (Count 1), a felony of the fourth degree; one count of aggravated possession of drugs (Count 2), in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of trafficking in cocaine (Count 3), in violation of R.C. 2925.03(A)(2), a felony of the fifth degree; and possession of cocaine, (Count 4), in violation of R.C. 2925.11(A), a felony of the fifth degree. After merging the possession and trafficking charges, the court sentenced Fleming to 18 months on Count 1 and to 12 months on Count 3, and it ordered that the sentences be served consecutively "given the defendant's history of criminal conduct."

{¶ 3} On Fleming's direct appeal, this Court determined that his convictions for trafficking in cocaine and aggravated trafficking in drugs were based upon insufficient evidence. *State v. Fleming*, 2d Dist. Clark No. 2021-CA-40, 2022-Ohio-1876, ¶ 55. This Court determined that the "State's evidence established that Fleming was in possession of a single baggie containing a small amount of drugs when he was pulled over by a Springfield police officer on April 15th. Nothing in the circumstances surrounding the April 15, 2020 incident suggested that Fleming was engaged in drug trafficking." *Id.* at ¶ 52. This Court reversed the judgment of the trial court and

remanded the matter for resentencing on the possession of cocaine and aggravated possession of drugs offenses. *Id.* at ¶ 58.

{¶ 4} The record reflects that, at the resentencing hearing, the court noted that Fleming had "previously served prison terms." We note that a presentence investigation report was not ordered herein. The court found that "consecutive sentences are necessary to protect the public from future crimes, to punish the Defendant, and [are] not disproportionate to the seriousness of his conduct and the danger he poses to the public and that they are necessary to protect the public from future crime by the Defendant given his history of criminal conduct."

{¶ 5} The court's July 5, 2022, judgment entry of conviction provided:

Findings

The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12. The Court also considered the defendant's criminal history.

The Court found, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(ix), that it has the discretion to impose a prison term upon the defendant because he has previously served prison terms.

The Court found, pursuant to Ohio Revised Code Section 2929.13(B)(1)(b)(iii), that it has the discretion to impose a prison term upon the defendant because he violated two conditions of his bond, to-wit: He

failed to appear for disposition on May 4, 2021 and committed the felony of criminal escape.

The Court found, pursuant to Ohio Revised Code Section 2929.14(C)(4), that consecutive sentences are (1) necessary to protect the public from future crime and to punish the defendant, (2) not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and (3) necessary to protect the public from future crime by the defendant given the defendant's history of criminal conduct.

{¶ 6} Fleming asserts two assignments of error on appeal. His first assignment of error is as follows:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY JUDICIAL FACT FINDING NECESSARY TO OVERCOME THE PRESUMPTION OF CONCURRENT SENTENCING.

{¶ 7} Fleming argues that the trial court "has to at a minimum state on the record some justification for their [sic] decision to go against the presumption of concurrent terms. In this case, the trial Court judge in essence read the statute word for word and provided no justification for its reasoning." According to Fleming, while "the trial Court was not required to make a finding on the record as to the value [it] placed on certain prior offenses that justify this decision, [it] must state on the record some justification for making that finding that includes at a minimum the mere existence of a qualifying criminal record."

Fleming argues that the "question is not whether or not [his] criminal history was enough to justify this finding, but rather, whether it existed at all." He asserts that the trial court should have, "at a minimum, made a record supporting [its] decision that included the existence of a prior record."

{¶ 8} The State responds that the "trial court made the statutory findings, and [it] found that [Fleming's] history of criminal conduct demonstrates consecutive sentences are necessary to protect the public." According to the State, Fleming's "prior criminal history and felony convictions were put on the record in his initial sentencing hearing," and "the same trial judge presided over both the original sentencing hearing and the resentencing hearing." The State concludes that the "imposition of consecutive sentences is not clearly and convincingly unsupported by the record."

{¶ 9} We initially note:

We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.)

*Bodkins* at ¶ 43. Even " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' " *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69, quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86.

*State v. McNichols*, 2d Dist. Clark No. 2021-CA-52, 2022-Ohio-3076, ¶ 10.

**{¶ 10}** The Ohio Supreme Court recently discussed consecutive sentencing at length in *State v. Gwynne*, Ohio Slip Opinion No. 2022-Ohio-4607, __ N.E.3d __:

When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. *See* R.C. 2929.41(A). This is the general rule of law decreed by our state legislature. *See id*; *see also State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 10. There are, however, exceptions. * * * *See Polus* at ¶ 10 ("[t]he first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions"); *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 21 ("[t]he general principle set forth in the Revised Code is that concurrent sentences are the default and consecutive sentences are the exception"). For the exception under R.C. 2929.14(C)(4) to apply and before the court imposes consecutive sentences, it must make specific findings which are delineated in the statute. Specifically, the trial court must find that "the consecutive service

is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See id.*

R.C. 2929.14(C)(4) reflects the General Assembly's understanding that while the rule is that a trial court is to impose sentences concurrently,

there may be occasions when it is permissible for the trial court to impose sentences consecutively. Therefore, the legislature gave trial courts some leeway to impose sentences consecutively, but only in specified circumstances, set forth in R.C. 2929.14(C)(4). *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 15-16; *see also State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 10, *abrogated on other grounds by State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. But that is not all. The legislature provided defendants with the means to challenge their consecutive sentences on appeal: R.C. 2953.08(G)(2)(a) states that an appellate court may increase, reduce, or otherwise modify a sentence or that it may vacate the sentence and remand the case for resentencing when it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

*Id.* at ¶ 10-11.

{¶ 11} *Gwynne* set forth the following "practical guidance" for consecutive-sentence review:

The first step in consecutive-sentence review is to ensure that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c). If the trial court fails to make these findings,

and that issue is properly raised on appeal, then the appellate court must hold that the order of consecutive sentences is contrary to law and either modify the sentence or vacate it and remand the case for resentencing. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 36-37; *see also State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001), *abrogated on other grounds by State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; R.C. 2953.08(G)(2)(b).

If the appellate court determines that the R.C. 2929.14(C)(4) consecutive-sentence findings have been made, the appellate court may then determine whether the record clearly and convincingly supports those findings. Depending on the appeal and the arguments raised, an appellate court may be asked to review only one of the trial court's findings. Or it may be asked to review two or more of the findings. The point here is that if even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. *See* R.C. 2953.08(G)(2).

As we have stated above, the appellate standard of review under R.C. 2953.08(G)(2) is not whether the trial court abused its discretion when it imposed consecutive sentences and intermediate deference to the trial court's findings is not required. An appellate court's review of the record

and findings is de novo with the ultimate inquiry being whether it clearly and convincingly finds—in other words, has a firm conviction or belief—that the evidence in the record does not support the consecutive-sentence findings that the trial court made. To reiterate, R.C. 2953.08(G)(2)'s clear-and-convincing standard does not permit—much less require or expect—an appellate court to modify or vacate an order of consecutive sentences only when it is unequivocally certain that the record does not support the findings. It requires that the appellate court vacate or modify the order if, upon review of the record, the court is left with a firm belief or conviction that the findings are not supported by the evidence.

When reviewing the record under the clear-and-convincing standard, the first core requirement is that there be some evidentiary support in the record for the consecutive-sentence findings that the trial court made. If after reviewing the applicable aspects of the record and what, if any, evidence it contains, the appellate court finds that there is no evidence in the record to support the consecutive sentence findings, then the appellate court must reverse the order of consecutive sentences. A record that is devoid of evidence simply cannot support the findings required by R.C. 2929.14(C)(4); there must be an evidentiary basis upon which these findings rest.

The second requirement is that whatever evidentiary basis there is, that it be adequate to fully support the trial court's consecutive-sentence

findings. This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. An appellate court may not, for example, presume that because the record contains some evidence relevant to and not inconsistent with the consecutive-sentence findings, that this evidence is enough to fully support the findings. As stated above, R.C. 2953.08(G)(2) explicitly rejects this type of deference to a trial court's consecutive-sentence findings. Instead, a de novo standard of review applies to whether the evidence in the record supports the findings that were made. Under this standard, the appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results.

*Gwynne,* Ohio Slip Opinion No. 2022-Ohio-4607, __ N.E.3d __, at ¶ 25-29.

{¶ 12} *Gwynne* concluded that "R.C. 2929.14(C)(4) requires trial courts to consider the overall number of consecutive sentences and the aggregate sentence to be imposed when making the necessity and proportionality findings required for the imposition of consecutive sentences." *Id.* at ¶ 31. Finally, the Court held that "appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require deference to the trial court's findings under R.C. 2929.14(C)(4)." *Id.*

{¶ 13} As the State asserts, the same judge who imposed Fleming's original sentence also sentenced him upon remand and was familiar with Fleming's criminal history. At his original July 7, 2021 sentencing, the following exchange occurred without objection:

THE COURT: Do you have any evidence of the defendant's prior criminal record?

[THE PROSECUTOR]: * * * I'll pull it up.

I show the defendant was convicted of possession of drugs * * * in Clark County Case #00-CR-342. It looks like he was sentenced to eleven months on that case.

It also looks like in 2002, he was convicted of having weapons while under disability.

And in 2004, convicted of improperly discharging a firearm * * * into or at a habitation.

And I see a previous conviction for a possession of an F4, which I believe to be drugs. Yes, felony conviction of drugs in 2008, Judge. This Case #08-CR-60, Clark County, one year three months.

There are other misdemeanor offenses on the defendant's record, but that is all, I believe, for convictions. * * *

{¶ 14} Pursuant to our de novo review of Fleming's consecutive sentences, and as set forth above, we conclude that the trial court made the necessary consecutive-sentence findings under R.C. 2929.14(C)(4). We further cannot conclude that the record

clearly and convincingly does not support the findings as they pertained to the sentencing court's order on each count. There is evidentiary support in the record for the court's finding that Fleming's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. As this Court noted in Fleming's direct appeal, while there was insufficient evidence of drug trafficking by Fleming on April 15, 2020, the State's evidence at trial "established that, up to two weeks prior to the date at issue, Fleming was actively engaged in drug trafficking. His drug marketing activities included the sale of methamphetamine and cocaine * * * ." *Fleming,* 2d Dist. Clark No. 2021-CA-40, 2022-Ohio-1876, at ¶ 53. The trial court also noted that Fleming had committed the offense of escape. After reviewing the entire record, and in the absence of a firm conviction or belief that the evidence does not support the court's specific findings to impose consecutive sentences pursuant to R.C. 2929.14(C)(4)(c), Fleming's first assignment of error is overruled.

{¶ 15} Fleming's second assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE THE APPELLANT'S JAIL TIME CREDIT PRIOR TO HIS SENTENCING AND GIVE HIM THE OPPORTUNITY TO BE HEARD ON THE ISSUE.

{¶ 16} The record reflects that the court did not address Fleming's jail-time credit at his resentencing. The judgment entry of conviction awarded "jail and [Ohio Department of Rehabilitation and Corrections] credit from August 13, 2020 to November 19, 2020 and July 5, 2021 until present."

{¶ 17} The State concedes that "the trial court did not adequately calculate the jail-

time credit" and that it was required to "reduce the amount of credit to a number of days, as well as provide an opportunity for Defendant to be heard regarding this calculation."

{¶ 18} R.C. 2949.08 provides, in part:

(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

(C)(1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

{¶ 19} In *State v. Windsor*, 2d Dist. Clark No. 2021-CA-25, 2022-Ohio-1785, ¶ 7-10, this Court noted as follows:

In *State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, we held that the trial court had erred by awarding jail-time credit "from

November 30, 2014 until conveyance to the penitentiary system." *Id.* at ¶ 14-15. We found that awarding jail-time credit in such a manner was erroneous because R.C. 2949.08(B) specifies that the record of the person's conviction " 'shall specify the total number of days, if any, that the person was confined' for the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.' " (Emphasis sic.) *Id.* at ¶ 14, quoting R.C. 2949.08(B). Therefore, we held that "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for Wade to be heard on the issue of jail-time credit, warrant[ed] remanding [the] matter for the [trial] court to properly address the [jail-time credit] issue." *Id.* at ¶ 15.

Similar to *Wade*, the trial court in this case awarded Windsor jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]." The trial court's duty, however, was to calculate and specify the total number of days that Windsor had been confined in jail for the instant offense as of the date of his sentencing hearing. *See State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 12 ("It is clear from the language in Ohio Adm.Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the number of days the defendant was confined prior to sentencing."). "At the time of sentencing, the trial court has no way of

knowing how long it will take a defendant to be transported to prison after the defendant has been sentenced; therefore, any days the defendant spends in confinement while awaiting transportation to prison cannot properly be included in the trial court's jail-time credit calculation." *Id.* at ¶ 14. As a result, Windsor correctly asserts that the trial court erred by failing to specify the total number of days of jail-time credit that he earned as of the date of his sentencing hearing. Windsor also correctly asserts that the trial court should have calculated his jail-time credit from the date of his conveyance to the Clark County Jail (February 12, 2021) to the date of his sentencing (April 1, 2021), for a total award of 48 days of jail-time credit.

That said, "an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable." *Id.* at ¶ 16, citing R.C. 2929.19(B)(2)(g)(iv), *State v. Norris*, 7th Dist. Monroe No. 14 MO 7, 2014-Ohio-5833, ¶ 21, *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21, and *Thompson v. Saffold*, 8th Dist. Cuyahoga No. 100774, 2014-Ohio-838, ¶ 4 ("a trial court's failure to properly calculate jail-time credit as required by law does not affect the finality of a sentencing order in a criminal case"). As explained in *Wade*, "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for [the

defendant] to be heard on the issue of jail-time credit, warrant[s] remanding th[e] matter for the court to properly address the issue." *Wade* at ¶ 15.

In this case, the record indicates that Windsor was not given the opportunity to be heard on the issue of jail-time credit at his sentencing hearing. This is because the trial court's award of jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]" was specified only in the sentencing entry. Therefore, we conclude that it is appropriate to remand this matter to the trial court so that the court can address the jail-time credit issue by specifying the total number of days of jail-time credit that Windsor had earned as of the date of his sentencing.

(Footnote omitted.)

{¶ 20} We agree with the State that the trial court did not adequately calculate the jail-time credit for Fleming, and that the trial court must reduce the amount of credit to a number of days, as well as provide an opportunity for Fleming to be heard regarding this calculation. Accordingly, Fleming's second assignment of error is sustained.

{¶ 21} The trial court's judgment is reversed in part, and the matter is remanded for proper imposition of jail-time credit. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.