[Cite as *State v. Palmer*, 2023-Ohio-1232.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-65 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0267 |
| | : | |
| THOMAS E. PALMER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 14, 2023

. . . . . . . . . . .

ANDREW PICKERING, Attorney for Appellee

GARY C. SCHAENGOLD & GHASSAN J. DEEK, Attorneys for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1}  Thomas E. Palmer appeals from his convictions, following pleas of guilty, to vehicular assault, a felony of the fourth degree; possession of cocaine, a felony of the fifth degree; and operating a motor vehicle under the influence of alcohol ("OVI"), a misdemeanor of the first degree.  The court imposed consecutive prison sentences for the felonies and a consecutive jail term for the misdemeanor. Palmer argues that the court

erred in sentencing him to consecutive maximum sentences.

{¶ 2} We conclude that the trial court made the findings necessary under R.C. 2929.14(C)(4) in imposing consecutive sentences for vehicular assault and possession of cocaine. We cannot conclude that the court's finding pursuant to R.C. 2929.14(C)(4)(c), namely that Palmer's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him, was not supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2). However, the trial court erred in concluding that Palmer's six-month jail sentence for OVI was required to be served consecutively to the prison sentence for vehicular assault and also in ordering Palmer to serve his jail term prior to his consecutive prison terms. The trial court also erred in failing to properly impose jail-time credit. Accordingly, Palmer's convictions are affirmed in part, reversed in part, and remanded for resentencing.

## I.     Factual and Procedural History

{¶ 3} On April 27, 2021, Palmer was indicted for aggravated vehicular assault, a felony of the second degree, with a specification for driving while under suspension, and for OVI and possession of cocaine. On July 25, 2022, Palmer entered into a plea agreement with the State. The aggravated vehicular assault was amended to vehicular assault, the specification was dismissed, and Palmer pled guilty to vehicular assault, a fourth-degree felony; he also pled guilty to possession and OVI. The court ordered a presentence investigation report ("PSI"). On August 18, 2022, the court sentenced Palmer to prison terms of 18 months for vehicular assault and 12 months for possession,

and it sentenced him to 6 months in jail for OVI, all of which it ordered to be served consecutively. The court ordered that Palmer serve the jail sentence prior to serving the prison terms. The court also imposed a fine of $1,075 and suspended Palmer's driver's license.

## II. Arguments and Analysis

{¶ 4} Palmer asserts the following assignment of error:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE MAXIMUM POSSIBLE SENTENCES UPON THE THREE CHARGES TO WHICH HE PLED GUILTY.

{¶ 5} Palmer argues that the court erred in the following three ways: 1) in finding that Palmer's history of criminal conduct supported consecutive sentences; 2) in holding that it was required to impose the OVI sentence consecutively to the vehicular assault sentence; and 3) in ordering Palmer to serve his misdemeanor jail term prior to his felony terms.

{¶ 6} The State responds that the "serious physical harm to the victim and [Palmer's] repeated OVIs" supported the imposition of consecutive sentences and that the consecutive sentences should not be disturbed on appeal. The State concedes that Palmer's OVI sentence must be served after his prison terms.

{¶ 7} We note that in imposing sentence, it was significant to the court that the facts of the case were egregious. The court noted that Palmer was "traveling at excessive speeds, running other vehicles off the roadway, and swerving all over the road," and that he "crashed into the rear of the victim's pickup truck so hard that the rear axle

was displaced from the vehicle." The court indicated the victim's back was broken. It was also significant to the court that Palmer had two prior OVI convictions, and that he was driving under suspension and in possession of cocaine. The court noted that Palmer was originally indicted for a second-degree felony with a maximum penalty of 8 to 12 years in prison.

{¶ 8} At the sentencing hearing and in its judgment entry, the court stated that it was mandatory that the OVI sentence be served consecutively to the sentence for vehicular assault. The court found that consecutive sentences were necessary to protect the public from future crime and punish Palmer. It found that consecutive sentences were not disproportionate to the seriousness of Palmer's conduct and to the danger that he posed to the public, and that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. The court noted that Palmer lacked a felony record, and that his only convictions were for traffic offenses and two prior OVI convictions, but due to the nature of the instant OVI offense, it gave "great weight" to the prior OVIs. The court found that Palmer's criminal history "calls for consecutive sentences." In its judgment entry, the court found it had discretion to impose a prison term for the possession offense, pursuant to R.C. 2929.13(B)(1)(b)(ii), because Palmer had caused serious physical harm to the victim. The court advised Palmer that he would receive credit for time spent in the Clark County Jail but did not specify an amount.

{¶ 9} The judgment entry provided: "IT IS HEREBY ORDERED that, for the OVI offense, the defendant serve six (6) months in the Clark County Jail **prior to serving the**

*prison terms* with jail-time credit from November 23, 2021 to December 16, 2021." The court "remanded [Palmer] to the custody of the Clark County Sheriff's Office" and ordered that he be "conveyed to ODRC, c/o Orient Correctional Facility, Orient, Ohio *after serving the six (6) month jail sentence.*"

{¶ 10} We initially note:

We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. Even " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' " *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69, quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86.

*State v. McNichols*, 2d Dist. Clark No. 2021-CA-52, 2022-Ohio-3076, ¶ 10.

{¶ 11} The Ohio Supreme Court recently discussed consecutive felony sentencing

at length in *State v. Gwynne*, Ohio Slip Opinion No. 2022-Ohio-4607, __ N.E.3d __, noting that "[w]hen a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. *See* R.C. 2929.41(A)," but that there are exceptions. *Id.* at ¶ 10. "For the exception under R.C. 2929.14(C)(4) to apply and before the court imposes consecutive sentences, it must make specific findings which are delineated in the statute." *Id.* The trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). Finally, the court must find at least one of the following: "* * * (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id.* *Gwynne* noted that defendants may appeal consecutive sentences, and that "R.C. 2953.08(G)(2)(a) states that an appellate court may increase, reduce, or otherwise modify a sentence or that it may vacate the sentence and remand the case for resentencing when it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *Id.* at ¶ 11.

{¶ 12} *Gwynne* set forth "practical guidance" for consecutive-sentence review, noting that the first step "is to ensure that the findings under R.C. 2929.14(C)(4) have been made" as to "necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)." *Id.* at ¶ 25. In the absence of these findings, "the appellate court must hold that the order of consecutive sentences is contrary to law and

either modify the sentence or vacate it and remand the case for resentencing. * * *." *Id.* If the court determines that the necessary consecutive-sentence findings were made, it "may then determine whether the record clearly and convincingly supports those findings. * * *." *Id.* at ¶ 26. If "one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. *See* R.C. 2953.08(G)(2)." *Id.*

{¶ 13} According to *Gwynne,* an appellate court's review of the findings and record "is de novo with the ultimate inquiry being whether it clearly and convincingly finds—in other words, has a firm conviction or belief—that the evidence in the record does not support the consecutive-sentence findings that the trial court made." *Id.* at ¶ 27. The court noted that "the first core requirement is that there be some evidentiary support in the record for the consecutive-sentence findings that the trial court made." *Id.* at ¶ 28. "The second requirement is that whatever evidentiary basis there is, that it be adequate to fully support the trial court's consecutive-sentence findings. This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings." *Id.* at ¶ 29. Under the de novo standard, an appellate court is "authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences." *Id.*

{¶ 14} The Supreme Court concluded that "R.C. 2929.14(C)(4) requires trial courts

to consider the overall number of consecutive sentences and the aggregate sentence to be imposed when making the necessity and proportionality findings required for the imposition of consecutive sentences." *Id.* at ¶ 31. Finally, *Gwynne* held that "appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require deference to the trial court's findings under R.C. 2929.14(C)(4)." *Id.*

{¶ 15} Pursuant to our de novo review of Palmer's sentences for the felonies, we conclude that the trial court made the necessary consecutive-sentence findings under R.C. 2929.14(C)(4). We cannot conclude that the record clearly and convincingly does not support the findings as they pertain to the court's order on each count. There was evidentiary support for the court's finding that Palmer's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. As the trial court noted, and as reflected in the PSI, Palmer had two prior OVI convictions, one in 2018 and one in 1999. The PSI stated that he also had almost 20 prior traffic convictions, including speeding, driving under suspension, and assured clear distance.

{¶ 16} Further, Palmer was initially charged with a felony of the second degree, with a specification for driving under suspension. The PSI stated that the victim's back was "broken in several different places," that Palmer reported abusing alcohol, marijuana, and cocaine, and that he had last used those substances on January 23, 2022, the date of the collision. The PSI stated that at the time of the collision, Palmer and the victim were both northbound on State Route 571, and Palmer "drove directly into the rear of the other vehicle" at high rate of speed, displacing the axle. The PSI listed additional

offenses for which Palmer had been cited, including test refusal with prior OVI, driving without a valid license, driving under a 12-point license suspension, and assured clear distance. After reviewing the entire record, and in the absence of a firm conviction or belief that the evidence did not support the court's specific finding, pursuant to R.C. 2929.14(C)(4)(c), to impose consecutive sentences, we agree with the State that the court's imposition of consecutive sentences for the felonies was appropriate. The sentences were also within the statutory range.

{¶ 17} Regarding Palmer's six-month consecutive sentence for OVI, we note that R.C. 2929.24 governs misdemeanor jail terms and provides that "the court shall impose a definite jail term that shall be one of the following: (1) For a misdemeanor of the first degree, not more than one hundred eighty days."

{¶ 18} R.C. 2929.41 governs multiple sentences. It provides:

(A) * * * Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B) * * *

* * *

(3) A jail term or sentence of imprisonment imposed for a misdemeanor violation of section * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section * * * 2903.08 * * * *when the trial court specifies that it is to be served*

*consecutively.*

When consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more misdemeanors and one or more felonies under this division, the term to be served is the aggregate of the consecutive terms imposed, and *the offender shall serve all terms imposed for a felony before serving any term imposed for a misdemeanor*.

(Emphasis added.)

{¶ 19} In *State v. Schidecker*, 2d Dist. Montgomery No. 26334, 2015-Ohio-1400, ¶ 46, this Court found that the statute "gives the trial court discretion to determine whether the misdemeanor term should be served consecutively," and that R.C. 2929.41(B)(3) "permits, but does not require the trial court to impose consecutive sentences." *Id.*

{¶ 20} We conclude that the trial court erred in ordering Palmer to serve his jail term prior to his felony sentences and also in determining, pursuant to R.C. 2929.41(B)(3), that it was required to impose the OVI sentence consecutively to the vehicular assault sentence. The trial court must reconsider whether the misdemeanor sentence should run concurrently or consecutively, exercising its discretion in making this determination.

{¶ 21} Although not raised by the parties, we further note that the trial court failed to "specify the total number of days" of jail time credit awarded to Palmer, and he was not given the opportunity to be heard on the issue of jail-time credit. R.C. 2949.08(B); R.C. 2967.191; Ohio Adm.Code 5120-2-04. The court is ordered to give Palmer an opportunity to be heard on this issue and to file a new judgment entry properly imposing

the number of days of jail-time credit.

### III.    Conclusion

{¶ 22} Based upon the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded for resentencing.   With respect to the OVI, the trial court is ordered to determine whether the jail sentence for that offense should be served concurrently with or consecutively to the prison sentences imposed on the other offenses. The trial court is also instructed to give Palmer an opportunity to be heard on the issue of jail-time credit and to file a judgment entry that reflects the correct number of days of jail time credit.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.